An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EUGENE DEE LILLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60860

FILED

FEB 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of felony DUI. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Eugene Dee Lilley contends that the district court erred by denying his proper person presentence motion to withdraw his guilty plea. Lilley claims he is factually innocent and that counsel coerced his plea. The State concedes the district court failed to rule on the merits of Lilley's motion, but nevertheless argues that the district court did not abuse its discretion by denying the proper person motion because it was a "fugitive document," see EDCR 3.70; EDCR 7.40(a), and counsel appointed to independently assess the merits of the motion informed the district court that he found none. The State also claims that several Rules of Professional Conduct prevented counsel from ethically filing a motion on Lilley's behalf. See RPC 1.2(d); RPC 3.1; RPC 3.3(a)(3), (b). We disagree with the State.

A defendant may file a presentence motion to withdraw a guilty plea, NRS 176.165, which the district court may grant "for any substantial, fair, and just reason," Crawford v. State, 117 Nev. 718, 721,

13-04788

30 P.3d 1123, 1125 (2001). In considering whether a defendant has "advanced a substantial, fair, and just reason to withdraw a [guilty] plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." Id. at 722, 30 P.3d at 1125-26.

Here, Richard W. Tannery, appointed "to look into" the matter, advised the district court that he "didn't find any incompetent counsel issues" and Lilley's actual innocence claim was without merit. While counsel provided the district court with some detail pertaining to his investigation into Lilley's actual innocence claim, Lilley's claim of coercion remained unaddressed. In effect, counsel's appointment and subsequent testimony served to assist the district court rather than Lilley, and this is improper. See Ellis v. United States, 356 U.S. 674, 675 (1958) (appointed counsel improperly "performed essentially the role of amici curiae" where "representation in the role of an advocate is required"); see also Anders v. California, 386 U.S. 738, 744 (1967) ("The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae."); DiMartino v. Dist. Ct., 119 Nev. 119, 121-22, 66 P.3d 945, 946-47 (2003) (an attorney may not act as an advocate and a witness in the same proceeding). The purpose of the appointment of counsel is to represent the defendant on the motion, not to provide a summary to the district court.

Before denying Lilley's motion, the district court failed to make any further inquiry and consider the entire record, the totality of the circumstances, or the merits of the motion. Therefore, we conclude that the district court abused its discretion. See Johnson v. State, 123 Nev.

139, 144, 159 P.3d 1096, 1098 (2007) ("This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion."). Accordingly, we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for the appointment of <u>new</u> counsel to assist Lilley in the pursuit of his motion to withdraw his guilty plea and further proceedings consistent with this order.

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
       Cannon & Tannery
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk